195 So. 214

### STATE v. AGNESIA.

6 Div. 643.

Supreme Court of Alabama.

Mar. 14, 1940.

Rehearing Denied April 11, 1940.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for appellant.

Alta L. King, of Birmingham, for appellee.

BROWN, Justice.

"Shares of stock in companies or associations, not incorporated under the laws of this State, except stock in national banks," owned by residents of this State, are listed as subjects of taxation by the General Revenue Law of 1919. Acts 1919, p. 286, § 5, Subsection i.

Section 185 of said act provides: "So long as any corporation, company or association shall pay all ad valorem taxes on said property required by law, the individual stock holders thereof *shall not be required to list their shares of stock for taxation,* or to pay ad valorem taxes on said shares." Acts 1919, p. 339, § 185. [Italics supplied.]

Act No. 163, entitled "An Act In Reference to and to Further Provide for the General Revenue of the State of Alabama," approved July 22, 1927, provides for *listing* and *registration* of "securities" with the State Tax Commission—now the Department of Revenue—upon payment by the owner of a nominal "privilege or license tax." "Securities" as defined by the act consist of "capital stock, stock certificates, voting trust certificates, bonds, notes, debentures or similar evidences of indebtedness of any foreign corporation, and bonds, warrants, notes, debentures or other evidences of indebtedness of any state or of any government or governmental subdivision other than the State of Alabama." Acts 1927, p. 174, § 44.

Section 51, Subdivision (d), p. 176, provides: "There shall be no ad valorem tax assessed or collected upon any security included in any list on account of which the tax prescribed by this act shall have been paid, either State, county, or municipal, either for the year in which listed, or for any preceding year, and such listing and payment shall on and after the date there-

of be a bar to any legal proceedings by or on behalf of the State or any county or municipality of the State for the enforcement or collection of any escape taxes on account of the security included in any such list." General Acts 1927.

The appellee, a resident of this state, residing in the city of Birmingham, at the beginning of the tax year, 1929, and the several succeeding tax years, including 1933, was the owner of two shares of American Telephone & Telegraph Company Stock, which he did not list and register. Said corporation is a non-resident public service corporation, but owns property in this state and paid all ad valorem taxes on said property required by law to be paid by it.

Assuming, for the sake of argument, that the conditional exemption embodied in § 185, of the Act of 1919, was not repealed by § 3022 of the Code of 1923, which provides: "The following property and persons shall be exempt from ad valorem taxation *and none other*," and which in the enumeration does not include stocks or bonds of foreign corporations owned and held by residents of this state; we are of opinion that it was repealed by said Act No. 163, which provided for and required a listing of such stocks by resident owners. [Italics supplied.]

Section 81 of said Act No. 163, p. 187, provides: "*All laws in conflict with the provisions of this Act are hereby repealed,* provided that all provisions of existing laws relating to taxation and revenue *which are not in conflict with the provisions of this Act* and which are not herein expressly repealed, are not hereby repealed. [Italics supplied.]" The proviso did not detract from the expressed repealing clause.

Moreover, said § 3022 of the Code, dealt expressly with the subject of exemption from taxation and covered the entire subject, without excepting the class of property owned by appellee.

We are not impressed by the argument that the re-enactment of the conditional exemption embodied in said § 185 of the Act of 1919, conceding though not holding that § 133 of the General Revenue Law of 1935, p. 321, was such re-enactment—evidenced a legislative intent not to repeal such conditional exemption by the Act of 1927.

The judgment of the circuit court of Jefferson County is reversed and one here rendered denying appellee's exceptions to the levy, and sustaining the ruling of the deputy tax assessor in respect thereto.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.